UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                        :

ANTHONY ALEJO, on behalf of himself and   :
all others similarly situated,                         :

                                         Plaintiff,          :       **COMPLAINT**

            -against-                              :       **FLSA Collective Action**

CENTRAL TIRE AND AUTO REPAIR, LTD.;   :       **Jury Trial Demanded**
CENTRAL TIRE AND AUTO REPAIR CENTER, :
LLC; CENTRAL TIRE OF WINDSOR, LLC,     :
ZAIM LIKA, and JOHN DOES1-100,             :

                                    Defendants,         :

------------------------------------------------------------X

Plaintiff, by his attorneys, Giles Law Firm LLC, complaining of defendants, alleges:

## NATURE OF ACTION

1.    Plaintiff brings this action, on behalf of himself and other similarly situated employees to remedy violations of the Fair Labor Standards Act, as amended 29 U.S.C. §§201, et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys fees, and all other appropriate relief pursuant to 29 U.S.C. §216, and other applicable federal law.

2.    Plaintiff also brings this action, on behalf of himself and other similarly situated employees to remedy violations of the New York State Labor Law §§190 et seq., and §§650 et seq ("NYSLL"). Plaintiff seeks for himself and other similarly situated employees declaratory and injunctive relief, unpaid wages, liquidated damages, reasonable attorneys fees, and all other appropriate legal and equitable relief pursuant to NYSLL §§ 198, 663 and New York State common law.

3. Plaintiff seeks to bring this action on behalf of himself and other similarly situated employees as a collective action pursuant to 29 U.S.C. §216(b) and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Jurisdiction of this Court over plaintiff's state law claims is invoked pursuant to NYSLL §§198, 663 and 28 U.SC. §1367(a), in that the state law claims are so related to plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this district pursuant to 28 U.S.C. §1391 because defendants' primary place of business is in this district and defendants maintain an address for service of process in this district and, therefore reside in this district. Venue is further proper within this district pursuant to 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to the claim occurred within this district.

## PARTIES

7. Plaintiff Anthony Alejo currently resides in Yonkers, New York. At all relevant times, plaintiff was employed by defendants.

8. Defendant Central Tire and Auto Repair, Ltd ("Central Tire of Yonkers") is a New York Corporation located at 51 Central Park Avenue, Yonkers, New York and has registered the same address for service of process.

9. Defendant Central Tire and Auto Repair Center, LLC ("Central Tire of Linden") is a New Jersey Corporation located at 914 West St. Georges Avenue, Linden, NJ.

10. Defendant Central Tire of Windsor, LLC ("Central Tire of Windsor") is a New Jersey Corporation located at 863 U.S. Route 130, East Windsor, NJ. Defendants Central Tire of Yonkers, Central Tire of Linden, and Central Tire of Windsor are collectively referred to as the "Central Tire Defendants."

11. Defendant Zaim Lika ("Lika") is an individual doing business in Yonkers, New York and, upon information and belief, is a shareholder, officer, and/or agent of Central Tire.

12. Defendants John Does 1-100 are other individuals or entities affiliated with Central Tire. Plaintiff reserves the right to name additional parties as their identities become known to plaintiff.

## FACTUAL ALLEGATIONS

13. The Central Tire defendants operate automobile repair shops in Yonkers, New York; Linden, New Jersey, and East Windsor, New Jersey.

14. Plaintiff worked at Central Tire of Yonkers as an automobile mechanic. Plaintiff was an "employee" within the meaning of 29 U.S.C. §203(d) and NYSLL§§189, 651. The Central Tire defendants, individually and collectively, meet the definition of an "employer" within the meaning of 29 U.S.C. §203(d) and NYSLL §§190, 651.

15. At all relevant times, defendant Lika had control over the employment practices of the Central Tire Defendants and was responsible for the wage and hour practices complained of herein. Therefore, Lika is an "employer" within the definition of 29 U.S.C. §203(d) and NYSLL §§190, 651.

16. Upon information and belief, at all relevant times, John Does 1-100 are additional corporate entities under which the Central Tire Defendants operate and other individuals who had control over the employment practices of Central Tire Defendants and were responsible for

the wage and hour practices complained of herein.  Therefore, John Does 1-100 constitute an "employer" within the definition of 29 U.S.C. §203(d) and NYSLL §§190 and 651.

17.     Defendants employ employees who handle, sell, or otherwise work on goods or material that have been moved in or produced for commerce by any person.  Upon information and belief, the parts and materials used by the Central Tire Defendants have moved in interstate commerce.  In addition, the automobiles and other vehicles repaired by the Central Tire Defendants have travelled in interstate commerce.

18.     Defendants employee more than two employees at each of the Central Tire Defendant shops.  Defendants' operations, individually and collectively, constitute an "enterprise" as defined in 29 U.S.C. §203(r).  The annual gross volume of sales made or business done by defendants' operations, both individually and collectively, is in excess of $500,000.  Accordingly, defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. §203(s)(1).

19.     Plaintiff commenced working for defendants in or around July of 2009 until the termination of his employment on November 19, 2017.  Throughout his employment, plaintiff repaired and serviced automobiles at the Central Tire Defendants' shop in Yonkers, New York.

20.     Plaintiff earned an hourly wage ranging from $13.00 per hour to $17.00 per hour when he worked for the Central Tire Defendants.

21.     Plaintiff typically worked 6 days a week and in excess of 40 hours per week.  Although plaintiff's hours varied, over the past six years plaintiff's workweek averaged in excess of 50 hours per week.  In some cases, plaintiff worked over 60 hours a week, including the weeks of January 14, 2017 (62.75 hours) and January 21, 2017 (66.25 hours).

22. Defendants did not pay plaintiff one and a half times his hourly rate for the hours over forty he worked in a week. Instead, defendants paid hours over forty at "straight time." The only premium pay defendants paid was an additional 2 or 3 hours for work performed on the weekend. Thus, for any hours in excess of 46 in a week, defendants failed to pay the appropriate overtime premium required by the FLSA and the NYSLL.

23. Plaintiff and other mechanics were required to purchase "tools of the trade" used in repairing automobiles. Those tools were paid for by defendants and then deducted from the paychecks of plaintiff and other mechanics. The deductions further reduced the pay of plaintiff and other mechanics below the appropriate overtime premium for weeks in which they worked over 40 hours in a week.

24. Defendants do not sell automobiles and therefore their mechanics are not exempt from the overtime exemption set forth in 29 U.S.C. §213(b)(10)(A).

25. None of plaintiff's job duties could be considered as falling within any relevant exemption of the FLSA or the NYSLL.

26. Plaintiff, on several occasions, asked defendant Lika why he did not receive overtime pay at time and a half. Plaintiff most recently asked Lika why he did not receive overtime in November of 2017. Lika's response was, in words or effect, "That's the way it's always been. You receive straight pay."

27. Plaintiff worked six days a week until the last months of his employment, at which time he advised defendant Lika that he would only work on Sundays if he received proper time and a half compensation for hours worked over 40 in a week.

28. Plaintiff left work sick on or about November 17, 2017 and called out sick on November 18, 2017. Plaintiff reported to work on November 21, 2017. On that date plaintiff was told by the front office service manager that he had to see Mr. Lika before clocking in. Plaintiff then spoke with Lika, who said that "This is no longer working out. I can't keep going like this with you." Plaintiff asked Lika if he was being fired, and Mr. Lika replied "If that is how you want to take it." Lika then instructed plaintiff to return his uniform and retrieve his toolbox before leaving the premises.

## COLLECTIVE ACTION ALLEGATIONS

29. Upon information and belief, over the past three years, the Central Tire defendants have employed approximately 45 employees as automobile mechanics.

30. Upon information and belief, defendants have failed to pay each automobile mechanic one and a half times their regular rate of pay for hours worked over forty in a workweek.

31. Upon information and belief, defendants have deducted the cost of tools of the trade from each automobile mechanic's paycheck, thereby further reducing their pay below the half appropriate overtime premium for weeks in which they worked over 40 hours in a week.

32. The unlawful employment practices at issue with respect to the other similarly situated employees of defendants are identical to the unlawful employment practices with respect to plaintiff. In all cases, defendants have failed to pay time and half for hours worked over forty in a workweek, and have known of and/or shown reckless disregard for whether these and other practices violate the FLSA.

33. Other automobile mechanics currently or formerly employed by defendants should have the opportunity to have their claims against defendants for violations of the FLSA

heard. Certifying this action as a collective action will afford other employees an opportunity to receive notice of the action and allow them to opt in to the action if they so choose.

34. Plaintiff has annexed a form to this Complaint as Exhibit A consenting to his participation in such a collective action.

## AS AND FOR A FIRST CLAIM

### (Failure to Pay Overtime – FLSA)

35. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "34" as if set forth fully herein.

36. At all relevant times, defendants have not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a workweek.

37. Upon information and belief, defendants failed to pay any automobile mechanics at the statutorily required overtime rate of time and one half for hours worked in excess of forty hours in a workweek.

38. Defendants, by the above actions, have violated 29 U.S.C. §207.

39. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. §255(a).

## AS AND FOR A SECOND CLAIM

### (Failure to Pay Overtime Wage – NYSLL)

40. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "39" as if set forth fully herein.

41. At all relevant times, defendants have not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a workweek.

42. Defendants, by the above acts, have violated NYSLL §652 and 12 NYCRR §142-2.2.

43. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §663.

## AS AND FOR A THIRD CLAIM

### (Failure to Pay Wages When Due – NYSLL)

44. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "43" as if set forth fully herein.

45. Plaintiff was a "manual worker" as defined in NYSLL §190(4).

46. Pursuant to NYSLL §191(1)(a), defendants were obligated to pay plaintiff his earned wages no less frequently than weekly.

47. By failing to pay plaintiff his earned wages when due, defendants have violated NYSLL §191.

48. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A FOURTH CLAIM

### (Unlawful Deductions From Wages – NYSLL)

49.     Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "48" as if set forth fully herein.

50.     Pursuant to NYSLL §193, defendants were prohibited from deducting any amounts from plaintiff's wages.

51.     By failing to pay plaintiff all of his earned wages, defendants have unlawfully deducted from plaintiff's wages in violation of NYSLL §193.

52.     By reducing plaintiff's wages for the cost of tools of the trade, defendants have unlawfully deducted from plaintiff's wages in violation of NYSLL §193.

53.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A FIFTH CLAIM

### (Notice and Recordkeeping Requirements – NYSLL)

54.     Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "53" as if recited at length herein.

55.     Pursuant to NYSLL §195, defendants were required to furnish plaintiff, upon hiring, with a notice containing the rate or rates of pay and the basis thereof, whether paid by hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section 191 of the NYSLL; the name of the employer; any "doing business as" names used by the employer; the physical address of

the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and such other information as the commissioner deems material and necessary.

56. Defendants failed to provide plaintiff with any such notice upon his hire, or at any time during his employment.

57. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AS AND FOR A SEVENTH CLAIM

### (Failure To Provide Accurate Wage Statements – NYSLL)

58. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "57" as if recited at length herein.

59. Pursuant to NYSLL §195, defendants were required to provide plaintiff with accurate wage statements setting forth, the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

60. Defendants did not provide accurate wage statements to plaintiff for all weeks worked.

61. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198.

## AND FOR AS AN EIGHTH CLAIM

### (Retaliation – FLSA)

62. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "61" as if recited at length herein.

63. Defendants terminated plaintiff's employment because plaintiff objected to defendants' failure to pay him at one and a half times his regular hourly rate for hours worked over forty in a workweek.

64. Defendants, by the above acts, have violated, 29 U.S.C. §215(a)(3).

65. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until the Court grants the relief requested herein.

66. No previous application has been made for the relief requested herein.

## AS AND FOR A NINTH CLAIM

### (Retaliation – NYSLL)

67. Plaintiff repeats and re-alleges each and every allegation in paragraphs "1" through "66" as if recited at length herein.

68. Defendants terminated plaintiff's employment because plaintiff objected to defendants' failure to pay him at one and a half times his regular hourly rate for hours worked over forty in a workweek.

69. Defendants, by the above acts, have violated, 29 U.S.C. §215(a)(3).

70. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until the Court grants the relief requested herein.

71. No previous application has been made for the relief requested herein.

72. Notice of this action has been served upon the attorney general of the State of New York.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

a. declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

b. declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. §255(a);

c. enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. §215 and NYSLL §215;

d. certifying this action as a collective action under the FLSA;

e. awarding plaintiff and all similarly situated employees for all unpaid wages as a result of the defendants' violations of the overtime provisions of the FLSA;

f. awarding plaintiff and all similarly situated employees liquidated damages as provided for in 29 U.S.C. §216(b) and NYSLL §663;

g. awarding plaintiff all wages that were deducted from his paycheck;

h. awarding plaintiff all untimely paid wages;

    i. awarding plaintiff $50 per week for each week defendants failed to provide appropriate notification pursuant to NYSLL §195, to a maximum of $2,500.00;

    j. awarding plaintiff and all similarly situated employees $100 per week for each week defendants furnished incorrect wage statements pursuant to NYSLL §195, to a maximum of $2,500.00;

    k. awarding plaintiff all back pay for defendants' retaliatory termination of his employment pursuant to 29 U.S.C. §216 and NYSLL §215;

    l. awarding plaintiff liquidated damages equal to back pay pursuant to 29 U.S.C. §216;

    m. awarding plaintiff liquidated damages in the amount of $10,000 pursuant to NYSLL §215;

    n. awarding plaintiff compensatory and punitive damages for defendants' retaliatory termination of his employment, pursuant to NYSLL §215;

    o. awarding plaintiff and all similarly situated employees the costs of this action together with reasonable attorneys fees, as provided in 29 U.S.C. §216(b), and NYSLL §§198, 215, and 663; and

    p. granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       May 30, 2018

                                  Respectfully submitted,
                                  GILES LAW FIRM LLC
                                  Attorneys for Plaintiff


                                  By:___/s Joshua Parkhurst_____
                                    Joshua Parkhurst
                                    825 Third Avenue, 4th Floor
                                    New York, NY 10022
                                    (201) 577-2644
                                    jparkhurst@gileslawfirmllc.com

## **JURY DEMAND**

     Plaintiff hereby demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury in the above captioned action.