# GILES LAW FIRM  MEMO ENDORSED

825 Third Avenue, 4th Floor
New York, New York 10022

*Writer's contact information:*
*Joshua S.C. Parkhurst, Esq.*
Tel. (201) 577-2644
jparkhurst@gileslawfirmllc.com

September 4, 2018

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarrapos Street
White Plains, NY 10601

    Re:    Alejo v. Central Tire and Auto Repair, Ltd. et al.
            Index No. 18-cv-04744

Dear Judge Karas:

    We are the attorneys for plaintiff in the above-referenced matter. We write in response to defendants' request for a pre-motion conference.

    Defendants seek to file a motion to dismiss two defendants from the action. Specifically, defendants seek to dismiss two LLCs that operate auto-repair shops in New Jersey. Defendants claim that these shops did not employ plaintiff and that the court lacks personal jurisdiction over these defendants.

    Plaintiff opposes the proposed motion. Although plaintiff worked in defendants' shop in New York State, the three auto shops have interrelated operations and ownership that make them all an "employer" of plaintiff for purposes of the Fair Labor Standards Act. Plaintiff regularly performed repair work on cars that were originally brought into the New Jersey shops and conducted inspections on vehicles from those shops when they were necessary to pass inspections required by New York State Law. In addition, the three shops regularly exchanged parts and tools necessary to perform work. Under such circumstances, plaintiff has made a colorable argument that he and other mechanics were jointly employed by all three shops. It is therefore inappropriate to decide this issue on a motion to dismiss.

    If the Court does allow defendants to make their motion, plaintiff respectfully requests that the Court a) allow discovery to proceed expeditiously in this case and b) allow plaintiff to move for conditional certification of a collective action, requiring defendants to disclose the

Kenneth M. Karas
September 4, 2018
Page 2

identities of all similarly situated individuals in each of the shops. Plaintiff has brought this action as a putative collective action under the Fair Labor Standards Act on behalf of himself and all other similarly situated individuals. The statute of limitations continues to run for each individual in an FLSA case until they affirmatively opt-in to the action. 29 U.S.C. § 216(b). As such, it is necessary to move forward with such a motion to ensure that the claims of other individuals are not diminished or extinguished entirely.[1]

Finally, no matter what the outcome of defendants' motion, the case will proceed against at least two of the defendants in this case. Plaintiff requests that an initial scheduling conference be held, either in person or by phone, where the parties can agree to a discovery plan that will allow expeditious resolution of this matter

The Court's considerations are appreciated.

Respectfully submitted,
*Joshua Parkhurst*

cc (by ECF): Meredith Cavallarro, Esq.
Andrea Moss, Esq.

The Court will hold a conference on 10/9/18, at 2:00, to discuss both a motion and a discovery schedule.

So Ordered.

KMK
9/5/18

---

[1] As an alternative, plaintiff is amenable to entering into a tolling agreement whereby the statute of limitations does not run while the parties attempt to resolve the issue of collective action certification without motion practice.